May it please the court. I am Rebecca Kurz. I'm arguing on behalf of Mr. Warren Franklin this morning. Mr. Franklin asserts that the district court erred in failing to give to the jury what is referred to as a mere presence jury instruction. Mr. Franklin was stopped by the police while driving a vehicle due to his erratic driving. Officers noticed that the vehicle smelled of marijuana. One of the officers also noted that there was a vial of pee in the console area beside the driver. In the backseat of the vehicle was a backpack containing heroin, cocaine, a firearm, and drug paraphernalia. There was no evidence that the contents of the backpack were visible to Mr. Franklin. The vehicle was not registered to Mr. Franklin. It was registered to a man named Curtis Lewis. Mr. Franklin's defense was that he did not knowingly possess the pee or the other drug-related items in the firearm or backpack. In other words, his defense was he was merely present. He didn't know the gun and the drugs were there. He didn't have dominion and control over them. There was no evidence that he had direct, actual possession of the items. So the government was required to prove that he had constructive possession of the items. Constructive possession requires knowledge of the presence of the items. It also requires evidence that the defendant had the power and intention to exercise dominion and control over the items. Being in the presence of contraband is not proof of an intention to exercise dominion and control. I cited several cases in my brief. Jenkins, Dunlap from the 8th Circuit, and Griffin. Saying that mere presence or proximity is not enough. There must be something more is required. There must be some other factor. An incriminating statement. An attempt to destroy evidence. A gesture implying control. Commingling of personal property in with a contraband item. In this case, the government argued in its rebuttal argument. Did the defendant, when he was sitting in that car with the PCP, the pot, the firearm, the other drugs, did he have the ability to make those, to put them in direct control of himself? Of course. They're all within arm's reach. He can pick them up and do whatever he wants with them. That's not the issue. The question was, does he have the power and the intent to control the items? A mere presence instruction would have helped rebut this argument made by the government. What is the fault, or can you identify the fault in the instructions that were given that would have hampered the closing arguments of the appellant? Judge, I think I have to concede that the burden of proof instruction, the verdict of directors for each of the charged offenders, and the instruction on actual and constructive possession were correct statements of the law. Where I feel that the district board erred in this case is in being too quick to say that properly phrased instruction, if those are given, then we can just rule out any need to give a mere presence instruction. What about the VOR case, though? I think VOR, the 2014 case, stands for the proposition that exactly those things you just identified, a correct statement of the burden of proof, correct statement of the elements, and a correct statement of what possession means is good enough, and that you don't need something more. In addition to VOR, there are other cases that kind of say that blanket proposition. So what I'm arguing here for today is let's actually look at the factual context. So taking VOR as the example, I believe he possessed methamphetamine, he was driving a stolen trailer. In that case, though, the methamphetamine, he had it in some type of box, and he also had, or maybe it was the console, he also had personal medication commingled with the drug. He had a pill bottle in his mailbox or something. It was obviously his. So in that case, or many of the other cases cited by the government, Booker, or excuse me, Cornelison, Cantrell, in those cases the defendants made incriminating statements indicating they knew the drugs were there and that they possessed them. In Booker, in Meads, those defendants had actual possession of the contraband. So when you don't have that type of evidence, incriminating statements, actual possession, commingling of the property, what I'm saying is district courts should look more carefully to the facts of the case in deciding whether they're going to give a mere presence instruction rather than rejecting it out of them. I understand that, but actually in this case the instructions were even, at least than VOR, were closer to what you're arguing for than they were in VOR. In particular, my understanding of the verdict directors is it said that to convict him he had to knowingly possess the contraband, which is pretty darn similar to the mere, or at least gets closer to the mere presence instruction than just simply listing the elements of the offense. I guess I feel that the mere presence more accurately rebuts what the government tried to say in this case, that access. Now, I agree with you in one way, because those verdict directors had the element of knowing possession. They also had the element of intent to distribute. Where I think the facts of this case are somewhat distinguishable, something that we've discussed already, is there was a lot of expert testimony, almost the bulk of the government's case, explaining why scales, packaging, all of the items of paraphernalia found in the backpack, why all of that adds up to intent to distribute. And I think what we have to remember here, easy for us, for lawyers and judges, and sometimes even we still get it wrong, our target audience is the jury, laypersons, probably people who came into that courtroom having heard the term constructive possession, not thinking of, well, if I have it, I possess it, not thinking, oh, I must have exercised opinion at all. That's an alien concept to them. And so I fear that the danger here is, okay, the jury could say, well, the prosecutor's just told me in his argument that access is possession, so I've got possession. The expert in this case told me, well, I've got all this paraphernalia, and that obviously means whoever possessed it had intent to distribute it. So I think where you have, where mere presence is not ruled out by the other factors I've talked about, and where you have this potential for confusion, district courts just need to not so reflexively say, I'm not going to give him . . . What is it Appellant wanted to argue that he was unable to argue with the instruction given? Or was there anything that he desired to argue that he felt constrained from being able to because of the difference in the instruction? I don't believe that the defendant was precluded from arguing. In fact, if I remember right, the district court judge says you can argue, I'm just not giving the instruction. But here you have rebuttal, closing argument, he can't respond to it, saying access equals . . . Who would like to reserve the last minute and a half, if that's all right? Thank you, Ms. Kurz. Mr. Coffey? May it please the Court, Ms. Kurz. I'm Phil Coffey and I'm arguing on behalf of the government in this case. Before I start, we did submit to the Court a 28-K letter in a case, United States v. Leon, which bears some similarity to the side of the Supreme Court, after our brief was filed. In that case, it's somewhat similar to this case where a defendant was arrested in a tractor trailer and they found drugs in the back. In that case, they didn't look to see, they didn't really discuss whether or not it was a mere presence case. They merely said the judge could have given the instruction within his discretion, but all of the instructions in this case covered his defense, so there was no need to do so. There's really two analyses here. In Leon, they really didn't pay much attention to, or pay any attention to the first one, and that is, of course, is it a mere presence case and what does that mean? Ms. Kurz is talking about various fact patterns and whatnot, and I submit that that goes to the first issue. The first issue of is it really a mere presence case? And generally speaking, what we're talking about there is, you know, the police bust into a room and there's a bunch of people around, maybe a pool of drugs, or more commonly, a situation where a number of people are in a car where there's drugs found. And the question there, they just happen to be there? Are they hitchhikers? Or, you know, are they somehow involved? And in this case, we have an individual who he's the only person there. There's PCP and the odor of marijuana wafting from the car. We've got a backpack right behind him. He's got these more cigarettes that are connected to PCP and guns and just a ton of drug paraphernalia. He runs, admits that he knew he was going to jail. He's got ID in the glove compartment. Lots of things that associate him with the car. Nobody else is there. So our threshold argument is this really isn't a mere presence case at all. But be that as it may, what the courts have said is that even in instances where you have arguably mere presence, if the instructions adequately cover the defendant's defense, then you're fine. And in this case, the facts really weren't in dispute. The only fact in dispute was did he know what was in the car? That was the issue that was framed from the outset of the case. The opening statements discussed that. The evidence, of course, focused on that. The closing arguments discussed that. That was the sole fact in this case. This wasn't a situation where you had multiple crimes. This was one of many offenses, and maybe this could have gotten lost in the wash or something. No, this case was tried on the question of whether or not this individual knew what was there. And three of the verdict-directing instructions regarding possession with intent to sell three different types of drugs were in the car. Not only required that the defendant knowingly possess, but it required that he have the intent to sell them. Well, you obviously can't intend to sell something you didn't know you had or that you didn't know was there. And I think I'm accurately characterizing her argument, as far as I can say otherwise. But on page 17 of her brief, it seems to me that she pretty clearly suggests that the case law is against her and say they result from faulty reasoning and argued that the jury wouldn't understand the concept of constructive possession. But not only do we have an instruction on it, but the parties talked about it. Now, in her brief, she says that the prosecution misstated it when they talked about this pen analogy. But what basically we're saying is if I have a pen and I put it in a glove compartment or a storage locker somewhere and I know where it is, I tend to come back and get it. I've constructively possessed that, just like if I put all the stuff in the backpack and put it behind me. I may not be holding it at the time, but I know it's there. I put it there. I constructively possess it. That is the law. That is a correct statement of the law. But somehow they've twisted that into saying that if it's there and I could physically access it, then I have constructive possession. That was not our argument in the case. That was nobody's argument in the case. And as I said, this is a situation where instructions covered the defendant's theory. This is all that was argued in the case. And again, it really wasn't just a mere possession case at all. But consequently, even though I have like half my time remaining, unless there are questions, I urge the court to affirm. Thank you, Mr. Coppe. Just a couple quick points. Mr. Coppe's argument that not really a mere presence case because those involve there's multiple people sitting in a house or multiple people in a car and drugs are present. In this type of case where it's an item left in a vehicle, I don't think that that argument is particularly persuasive. It's not at all unusual for vehicles to have multiple drivers, parents, kids. Any one individual driver could leave possession behind in the vehicle and the other drivers may not be aware of it or know in fact what it is. So I think that there still exists the possibility of inadvertent possession under the facts. Some of the arguments that Mr. Coppe made, I think in his brief, that flight would be an indication of consciousness of guilt. That would undermine a mere presence instruction. But we have to remember that the marijuana was in the car as well. And so he very well could have fled believing that he had busted on a marijuana possession charge. There are no further questions. Thank you, judges. Thank you, Ms. Curtis. Thank you also, Mr. Coppe. We will review the case as we will all those heard this week and render decisions as promptly as possible. Thank you, counsel. You may be excused.